UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE NICOLE BONET,<br><br>                         Plaintiff,<br><br>-against-<br><br>NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,<br><br>                         Defendant. | 22-CV-3023 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, currently incarcerated at Taconic Correctional Facility, brings this *pro se* action asserting due process and state law claims arising out of events that occurred at the Albion Correctional Facility, which is located in Orleans County, New York. Because Plaintiff brings due process claims against the New York State Department of Corrections and Community Supervision, and suggests that some of her claims arise under the United States Constitution, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983.

For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is

subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that while incarcerated at Albion, she was denied due process during her disciplinary proceedings and as a participant in the Family Reunion Program. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to her claim arose in this district, venue is not proper in this court under Section 1391(b)(1), (2). Plaintiff's claims arose in Albion, Orleans County, New York, which is in the Western District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Western District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 13, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                           Chief United States District Judge